**Weil, Gotshal & Manges LLP**

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/21/2024

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Daniel L. Stein**
+1 (212) 310-8140
Daniel.Stein@weil.com

June 21, 2024

**ELECTRONICALLY FILED**

The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *United States v. Menachem Lieberman*, 23-cr-4-JHR-2

Dear Judge Rearden:

    I represent the defendant, Menachem Lieberman, in the above-captioned matter. Mr. Lieberman is currently scheduled to be sentenced before this Court on July 9, 2024, and his sentencing submission is due on June 25, 2024. Mr. Lieberman respectfully requests that the Court adjourn sentencing to a date after August 15, 2024. This is Mr. Lieberman's first request to adjourn his sentencing hearing.

    Neither the defense nor the Government has received the first disclosure of the Probation Office's Presentence Investigation Report. Earlier today, I spoke with the Probation Officer who is preparing the report, and confirmed that he needs additional time to complete his investigation, because of the volume of information that he has received from the defense. An adjournment would allow the Probation Office additional time to produce that report and give the defense proper time to review the report and prepare any objections, if necessary.

    I've spoken with AUSA Daniel Wolf, who informed me that the Government consents to this request.

Respectfully submitted,

/s/ *Daniel L. Stein*
Daniel L. Stein

cc: Assistant United States Attorney Daniel Wolf (via ECF)

In accordance with the District's May 29, 2014 Amended Standing Order governing the timetable for completing presentence reports, Probation's initial disclosure was to be made by May 15, 2024. Probation has not contacted the Court to seek an extension of that deadline or explain why it has not issued the initial disclosure.

While the Court is not unsympathetic to the challenges faced by Probation in processing "the volume of information that [it] has received from the defense," this is not the first time that Probation has failed, without timely notice to the Court or the parties, to properly make its initial disclosure in 23 Cr. 004. Such lapses have required adjourning the parties' sentencing submission deadlines and, in turn, long-scheduled sentencing dates set by the Court.

Probation shall contact Chambers forthwith to discuss the anticipated timing of its initial and final disclosures of the presentence report. Upon receipt of that information, the Court will promptly issue an Order setting (1) the dates by which Probation must—absent leave of Court—make its disclosures, (2) a rescheduled date for the sentencing hearing, and (3) new deadlines for the parties' submissions.

In the interim, Defendant's sentencing proceeding and the parties' submission deadlines are adjourned *sine die*.

The Clerk of Court is directed to terminate ECF No. 339.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Date: June 21, 2024