*Upon due consideration, Defendant Lieberman's request to travel to Canada is denied.*

*The Clerk of Court is directed to terminated ECF No. 599.*

*SO ORDERED.*

*Jennifer H. Rearden, U.S.D.J.*
*Dated: April 9, 2025*

**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Daniel L. Stein
+1 (212) 310-8140
Daniel.Stein@weil.com

April 7, 2025

**ELECTRONICALLY FILED**

The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  *United States v. Menachem Lieberman*, 23-cr-4-JHR-2

Dear Judge Rearden:

We represent the defendant, Menachem Lieberman, in the above-captioned matter. We write to respectfully request a temporary modification to Mr. Lieberman's conditions of release to travel to Montreal, Canada from April 15, 2025 through April 18, 2025 to celebrate the intermediate days of the Jewish holiday of Passover with his in-laws and wife's extended family in Montreal. We have spoken to U.S. Pretrial Services Officer Taelor Nisbeth, who takes no position on this request, and AUSA Wolf, who informed us that the Government opposes this request.

The Passover holiday commemorates the ancient Israelites' liberation from slavery in Egypt, a pivotal event in Jewish history that is celebrated with meals and rituals emphasizing freedom, family, and remembrance. In light of Mr. Lieberman's upcoming sentencing, Mr. Lieberman would like to travel to spend this significant religious holiday with his in-laws and wife's extended family which will provide him with significant religious rejuvenation at this difficult time in his life. The holiday visit will also coincide with Mr. Lieberman's in-law's fiftieth wedding anniversary, an event the entire extended family wishes to celebrate together at their home in Montreal after Mr. Lieberman's two year absence from Canada.

Courts in this District have granted similar requests for international travel both to participate in religious observances and for other reasons. For example, in *United States v. Abraham*, No. 20-CR-411 (S.D.N.Y) (RA), Judge Abrams permitted a defendant charged with wire fraud and his wife to travel to Montreal, Canada for their nephew's bar mitzvah, only requiring that the defendant's other family members surrender their passports during the defendant's trip. *Id.* at Dkt. No. 110. Similarly, in *United States v. Huberfeld,* No. 16-CR-467 (S.D.N.Y.) (ALC), Judge Carter, over the government's objection, allowed the defendant, who was charged with federal bribery and honest-services fraud resulting in alleged losses of over

The Honorable Jennifer H. Rearden  **Weil, Gotshal & Manges LLP**
April 7, 2025
Page 2

$20 million, to travel to Israel for Hanukkah. *Id.* at Dkt. No. 140. *See also, e.g., United States v. Rubin,* No. 14-cr-00741 (S.D.N.Y.) (KMK), Dkt. Nos. 107, 115, 261, 270 (granting defendants' request to travel to Canada to visit family and attend a nephew's wedding); *United States v Rimberg*, No. 15-cr-835 (S.D.N.Y.) (JGK), Dkt. No. 68 (permitting defendant to travel after guilty plea along with his wife to Israel for business and to France for Passover); *United States v. Abraham*, No. 20-CR-411 (S.D.N.Y) (RA), Dkt. Nos. 44, 57, 123 (allowing two defendants on separate occasions to travel to Israel for the Lag B'Omer holiday and religious pilgrimages to Ukraine and Hungary); *United States v. Ausch,* No. 22-cr-05 (S.D.N.Y.) (JSR), Dkt. No. 10 (granting the defendant permission to travel to Hungary and Poland as part of a religious pilgrimage to certain synagogues and gravesites); *United States v. Kubitschuk*, No. 16-cr-711 (S.D.N.Y.) (KBW), Dkt. No. 37 (permitting travel to Austria and Slovakia to pray at gravesite of Rabbi Yehuda Assad); *United States v. Smilovitz*, No. 16-cr-818 (S.D.N.Y.) (VB), Dkt. No. 144 (permitting travel to Uman, Ukraine to make the pilgrimage to the grave of Rabbi Nachman of Breslov for *Rosh Hashana*); *United States v. Galanis*, No. 16-cr-371 (S.D.N.Y.) (RA), Dkt. No. 62 (granting, over government objection, permission for the defendant to travel to Latvia with his wife for business purposes).

If granted permission, Mr. Lieberman would provide Pretrial Services with a full itinerary of his trip. If Pretrial Services would like, Mr. Lieberman would be happy to provide his children's travel documents, including his children's passports, birth certificates, and social security cards.

In this case, the Court has granted Mr. Lieberman's co-defendants' requests to travel internationally over the government's objections. *See* Dkt. No. 150 (granting Martin Handler's and Isadore Handler's request to travel to Israel for their father's funeral.) While the Court declined to allow the Handlers to return to Israel for additional mourning ceremonies, the Court cited the tragic events of October 7, 2023, which had happened just days prior, as the rational for denying the second request. *See* Dkt. No. 156. No such situations are present here. Additionally, Mr. Lieberman's request is materially different in several respects from the request for international travel made by co-defendant Ben Werczberger, who sought permission to travel to Israel for a friend's daughter's wedding, less than three weeks after his arrest, which Magistrate Judge Cave denied. *See* Dkt. No. 45. Mr. Werczberger failed to disclose at the time of his arrest that he held an Israeli passport and Israeli citizenship and did not fully disclosed his extensive personal wealth to Pretrial Services. *Id.* at 3. Unlike Mr. Werczberger, Mr. Lieberman has been completely forthcoming about his financial means and Canadian citizenship, which should obviate any doubts the Court may have as to his candor and purpose of his travel to Canada.

Moreover, we understand the Government opposes Mr. Lieberman's request, in part, because of flight risks associated with a defendant's international travel so close to sentencing. We respectfully submit that Mr. Lieberman poses no flight risk. He has abided by the rules of his release in full since his arrest in January 2023. The Court has previously granted Mr. Lieberman's request to modify his bail conditions for travel on various occasions (to destinations further from New York than Montreal) and each time Mr. Lieberman has complied with all of the conditions set by the Court and Pretrial Services. *See* Dkt. Nos. 60, 126, 151, 186, 415, 519.

The Honorable Jennifer H. Rearden  **Weil, Gotshal & Manges LLP**
April 7, 2025
Page 3

We therefore respectfully request that the Court allow Mr. Lieberman to travel to Canada from April 15, 2025 through April 18, 2025.

Respectfully submitted,

/s/ *Daniel L. Stein*
Daniel L. Stein

cc: All counsel of record (via ECF)